UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81055-CV-ALTMAN

WYNDHAM VACATION OWNERSHIP,
INC., *et al.*

      Plaintiffs,

v.

TOTTEN FRANQUI DAVIS & BURK, LLC,
*et al*.

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion to Continue ("Motion") filed by the Defendants, Eric Cline, Shyla Cline, and Scott Morse (collectively the "Moving Defendants") [ECF No. 193], on April 16, 2019. For the reasons set forth below, the Motion is **DENIED.**

This Court entered a Scheduling Order on November 29, 2018. [ECF No. 73]. Since then, different groups of Defendants have moved to continue either the trial or the impending discovery deadlines no fewer than four times. [ECF No.'s 76, 89, 91, 193].

To modify a scheduling order, a litigant must show "good cause" and obtain the "judge's consent." *See* FED. R. CIV. P. 16(b)(4); *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). Each of the various Defendants' first three attempts to continue the applicable deadlines was denied for failure to show good cause. [ECF No.'s 89, 107].

Undaunted, the Moving Defendants have now filed what amounts to a fourth motion to amend the Scheduling Order and to continue the deadlines contained therein. *See* Mot. at 1 [ECF No. 193]. In their Motion, the Moving Defendants raise three principal arguments. *First*, they ask the Court to extend the discovery deadlines so that they can file new answers and counterclaims

to the Plaintiffs' Second Amended Complaint. *See* Mot. ¶¶ 11–12 [ECF No. 193]. *Second*, they suggest that the trial date should be continued because of an ongoing dispute between the parties as to the applicability of the automatic stay provisions of 11 U.S.C. § 362. *See* Mot. ¶ 10 [ECF No. 193]. *Third*, they claim that, at the time of their Motion, there was no "operative complaint" on file. *See* Mot. ¶ 12 [ECF No. 193]. These arguments are unpersuasive.

*First*, the Second Amended Complaint provides no basis for any continuance—let alone the indefinite extension the Motion requests. After all, the Second Amended Complaint does nothing more than include the names of the holding companies the Defendants voluntarily incorporated. [ECF No. 194]. It adds no charges and alleges no new substantive facts. [*Id.*]. Indeed, that limited amendment was all this Court allowed in its order granting the Plaintiff leave to file a Second Amended Complaint in the first place. [ECF No. 188]. In short, the Second Amended Complaint did nothing to alter or expand the scope of the discovery that has been necessary in this case from the very beginning. Accordingly, the filing of the Second Amended Complaint cannot provide the Moving Defendants with the "good cause" they need to modify the Scheduling Order.

*Second*, whether or not the bankruptcy court ultimately concludes that the Moving Defendants are subject to the automatic stay provisions of 11 U.S.C. § 362 is immaterial to the question of whether a continuance is warranted here. After all, if the stay provisions do apply to the Moving Defendants, then the case will be stayed, and no further discovery—extended or not—will be permitted. On the other hand, if the stay provisions do not apply to the Moving Defendants, then the case should proceed as it had prior to the Suggestion of Bankruptcy—that is, according to the original schedule. Either way, the Moving Defendants' cogitations about whether or not the stay provisions might one day apply them—without more—do not constitute sufficient "good cause" for the Court to modify the Scheduling Order.

*Third*, the Moving Defendants' suggestion that no "operative complaint" existed at the time of their Motion, Mot. ¶¶ 11–12 [ECF No. 193], is wrong as a matter of both law and logic. As a matter of law, an operative complaint *did* exist at the time of the Motion. The Plaintiffs' Motion for Leave to File a Second Amended Complaint did not vitiate the First Amended Complaint [ECF No. 40]. That First Amended Complaint continued to exist—and to operate in the case—until it was superseded by the Second Amended Complaint. *C.f. Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("[A] properly filed amended complaint *supersedes* the original one and *becomes* the operative complaint . . . ." (emphasis added)). And this makes sense. After all, had the Court denied the Plaintiffs leave to file their Second Amended Complaint, that denial would not have worked a simultaneous dismissal of the Plaintiffs' claims. Why? Because the First Amended Complaint would have remained in operation. In any event, even if there had been no operative complaint at the time of the Motion, the Second Amended Complaint [ECF No. 194] was filed a few hours later—thus mooting this third argument entirely.[1]

Accordingly, it is

**ORDERED AND ADJUDGED** that the Defendants' Motion to Continue [ECF No. 193] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of April, 2019.

                    **ROY K. ALTMAN**
                    **UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[1] The Court notes that the Plaintiffs filed their Motion for Leave to File the Second Amended Complaint [103] on January 7, 2019—that is, on the very date this Court set as the deadline for motions to amend the pleadings [ECF No. 86].